LYDIA A. MARCUS, PLAINTIFF, *v.* THE SAINT LOUIS MUTUAL LIFE INSURANCE COMPANY, DEFENDANT.

*Policy of insurance — assignment of.*

When a policy of insurance, payable to the assured "or his assigns," contains a clause providing that it can be assigned only upon the written approval of the company, it is an agreement on the part of the company to pay the amount of the policy to the assured, or to such person as shall, *with its consent*, become the assignee thereof. Without such consent an assignment is of no effect as regards the insurance company.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after an order dismissing the plaintiff's complaint, in an action on a policy of insurance, brought by the wife, the alleged assignee of the assured.

*B. F. Mudgett,* for the plaintiff.

*James Emott,* for the respondent.

BARNARD, P. J.:

This was an action upon a policy on the life of William N. Marcus. The policy provided as follows: "This policy can be assigned only upon the written approval of the company." The only proof of plaintiff's title was the following testimony: James A. Rhodes, a witness for plaintiff, stated that "Mr. Marcus came

n and told me to get a policy to suit the Manhattan Oil Company in another company, and gave me this one for his wife. Said I, 'you need the usual power of transfer.' He had to write his application to another company, and that took him some little time, and I told him he ought to have a written power of transfer on this one, to his wife, and he said he would come in and do it, and I never saw him again." A Mr. Stephens who was present at this same occurrence stated it as follows: "He came in, bringing the policy with him, stating that the Manhattan Oil Company refused to take this policy, and he handed it to Mr. Rhodes and asked him if he would keep that policy for his wife. He was in a hurry then and left the office, and Mr. Rhodes took it."

This is all the evidence on this subject, and I think it falls short of showing plaintiff's title. The transfer needed the consent of the company, and on Mr. Marcus being informed of that requirement, he promised to come in again and do it.

It would seem from this promise to come in again, and complete the transaction at a future time, that the transfer was not complete as between the assured and the plaintiff, but the absence of the consent of the company rendered a transfer of no effect, if one were made. The policy is made payable to "Wm. N. Marcus, or his assigns." The use of the word "assigns" should have no such effect given it as to destroy the right of the company to consent to any assignment, according to the terms of the policy.

I take the use of the word "assigns" to mean no more than this: We will pay the amount of the policy to the assured, or to such person or persons as shall, with our assent, become the assignee thereof.

We think the ruling at the Circuit to be right, and that the exception of plaintiff be overruled, and the complaint dismissed with costs.

TALCOTT, J., concurs.   PRATT, J., not sitting.

Exceptions overruled and judgment for defendant on nonsuit at Circuit.